[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12443
Non-Argument Calendar

_____

D. C. Docket No. 05-00107-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL HERRERA-GUILLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 26, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Miguel Herrera-Guillen appeals his 48-month sentence for being an aggravated felon who illegally reentered the United States post-deportation, 8 U.S.C. § 1326(a), 1326(b)(2). Herrera-Guillen argues that the district court erred in sentencing him to 48 months' imprisonment because the court never considered a sentence outside the 41 to 51 months' guidelines range and, therefore, effectively transformed the guidelines from advisory into mandatory. Herrera-Guillen also argues that the district court did not genuinely consider the case's mitigating factors. As a result, Herrera-Guillen claims his sentence is unreasonable and seeks to have his sentence vacated and the case remanded for resentencing.

Where a defendant challenges his overall sentence, we review for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). "After Booker, a sentence may be reviewed for procedural or substantive unreasonableness." United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence," as when the district judge fails to consider the relevant factors in 18 U.S.C. § 3553(a) or when the district judge considers impermissible factors. Id.; United States v. Williams, 456 F.3d 1353, 1361 (11th Cir. 2006), pet. for cert. filed, (Oct. 19, 2006) (No. 06-7352) (disagreement with Congress's policy

judgments are invalid grounds for a lower sentence).

A sentence also "may be substantively unreasonable, regardless of the procedure used." Hunt, 459 F.3d at 1182 n.3. In assessing reasonableness, we consider "the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). Reasonableness review of the length of a sentence is "deferential" and "[t]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Although a sentence within the guidelines is not per se reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. at 787, 788.

Upon review of the record and sentencing transcripts, and upon consideration of the briefs of the parties, we discern no reversible error. The sentence was procedurally reasonable because the district court considered both the guidelines and the § 3553(a) factors, noting that the guidelines range is just one of the factors to be considered in sentencing. The sentencing judge considered Herrera-Guillen's arguments for mitigation and acknowledged that Herrera-Guillen's sentence was three months lower than it would have been had those

3

arguments not been made, stating:

> I understand your lawyer's arguments and I have factored those in, and quite frankly, that's why I did not sentence you to the highest end of the range, which is what I would have done, given the very violent and vile nature of that crime. I mean, I can't think of too many worse things in life than to be raped while your children are on the other side and your children being threatened if you don't give into somebody's demands. I just can't even imagine a worse factual scenario than that. And that's what I can't, quite frankly, get around.

Although Herrera-Guillen argues that the district court "never considered a sentence outside of the guideline range" and suggests that the court did not truly consider the § 3553(a) factors, not once during his sentencing hearing did Herrera-Guillen request a sentence any lower than "the low end of the guideline range." Even if Herrera-Guillen had made a request for such a departure, the district court was entitled to sentence within the guidelines range without specifically acknowledging each of the § 3553(a) factors. See, e.g., United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Here the district court specifically did note that Herrera-Guillen's arguments for mitigation had been factored into the sentencing equation, showing that the sentencing judge definitely considered the § 3553(a) factors.

The sentence was also substantively reasonable. Herrera-Guillen notes that under Booker, a sentence within the guidelines range is not per se reasonable. Talley, 431 F.3d at 786. Here, the sentencing judge did not blindly apply the

4

guidelines range. The sentencing judge took account of the mitigating factors offered by Herrera-Guillen and reduced the sentence below what he would have imposed absent consideration of the § 3553(a) factors. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Williams, 456 F.3d at 1363. Moreover, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 787, 788. Because the sentencing judge in this case accorded some weight to the § 3553(a) factors, sentenced Herrera-Guillen within the guidelines range, and provided valid reasons for imposing a sentence near the top of the guidelines range, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment." Williams, 456 F.3d at 1363. Herrera-Guillen therefore has not shown that "the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." Id. at 788. Accordingly, we affirm his sentence.

**AFFIRMED.**